IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| JULIA FERREIRA,<br><br>Plaintiff,<br><br>vs.<br><br>IRON GATE WAIKIKI LLC; IRON GATE AZREP LLC; HILTON RESORTS CORPORATION (D/B/A LXR HOTELS & RESORTS); HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY,<br><br>Defendants. | Case No. 26-cv-00201-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS’ MOTION TO DISMISS PLAINTIFF’S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**[1] |

On June 1, 2026, *pro se* Plaintiff Julia Ferreira filed her Second Amended Complaint (“SAC”) in this action against Defendants Iron Gate Waikiki LLC and Iron Gate Azrep LLC (“Iron Gate Defendants”), as well as Hilton Resorts Corporation (d/b/a LXR Hotels & Resorts) (“HRC”), and Hawaii Employers Mutual Insurance Company (“HEMIC”) (together, with Iron Gate Defendants, “Defendants”).[2] Dkt. No. 9.

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2]HEMIC was not properly served and has not appeared in this action. *See* Dkt. No. 22.

On September 23, 2026, HRC filed a Motion to Dismiss ("Motion"). Dkt. No. 36. Having reviewed the SAC, the Motion, the parties' briefs, and the relevant legal authorities, the Court agrees with HRC that Ferreira has failed to allege any facts concerning HRC, and dismissal is therefore appropriate. Accordingly, the Motion is GRANTED, and the SAC is DISMISSED without prejudice and with leave to amend, as explained below.

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### I. The Second Amended Complaint[3]

Ferreira resides in Honolulu, Hawai‘i. Dkt. No. 1 ¶ 1. Iron Gate Waikiki LLC is a Hawai‘i-based company that employed Ferreira during the relevant period. *Id.* ¶ 2. Ferreira alleges on information and belief that Iron Gate Azrep LLC "is a related entity that participated in payroll and employment administration." *Id.* ¶ 3. Ferreira also alleges upon information and belief that "Hilton Worldwide Holdings Inc."[4] "exercised control over [her] working conditions, payroll processing, employment policies, and day-to-day operations, and is liable as a joint employer." *Id.* ¶ 4. HEMIC is an insurance carrier responsible for administration of Ferreira's disability-related benefits. *Id.* ¶ 5.

---

[3]The facts are taken from Ferreira's SAC, Dkt. No. 9, and are assumed to be true for purposes of HRC's Motion.

[4]Hilton Worldwide Holdings Inc. is not a named defendant. *See* Dkt. No. 9.

Ferreira alleges that she was employed as a Lobby Ambassador, which required her to stand or engage in "physically demanding tasks" for the duration of her shift. *Id.* ¶ 6. On or about April 27, 2023, Ferreira began to experience "knee pain, swelling, and mobility limitations" while working and sought medical treatment. *Id.* ¶ 7. On or about July 1, 2023, Ferreira's leg was burned, and she was largely immobile while she recovered. *Id.* ¶ 9. She gradually resumed movement around the second week of August 2023, at which point she developed "significant swelling, discoloration, and pain in her lower extremities," which limited her ability to "stand, walk, and perform the essential functions of her position." *Id.* ¶¶ 10–12.

Ferreira alleges that she informed "Defendant"[5] of her condition and provided medical documentation. *Id.* ¶ 13. She requested accommodations, such as using knee braces and/or modifying her duties. *Id.* ¶ 14. On or about August 17, 2023, "Defendant's" Human Resources representative left Ferreira a voicemail, telling her effectively that "if [her] condition constituted a disability, Defendant 'does not accommodate that.'" *Id.* ¶ 15. Ferreira subsequently attempted to work without an accommodation, which caused her condition to worsen. *Id.* ¶¶ 17–18. She also alleges that she suffered "further injury and delay in treatment due to Defendant's conduct." *Id.* ¶ 19. Ferreira alleges that other similarly situated employees received

---

[5]The SAC refers at various points to "Defendant" or "Defendants" without specifying to whom it is referring. Dkt. No. 9.

accommodations and treatment, while she did not, *id.* ¶¶ 20–21, and that, after she requested accommodations, she was subjected to retaliation, including "disciplinary action, suspension, scrutiny, and exclusion from opportunities," *id.* ¶ 22.

Ferreira alleges that "Defendants, including Hilton Worldwide Holdings Inc. . . . generated, maintained, and relied on inaccurate and incomplete information regarding [her] medical condition and wages," *id.* ¶ 23, which was in turn used to evaluate her eligibility for disability-related benefits, *id.* ¶ 24. Ferreira states that she "identified discrepancies in wage calculations, including altered and artificially segmented pay periods, use of zero-value entries, and other irregularities affecting the accuracy and completeness of reported wages used in benefit determinations," and that the independent medical examination "Defendants" relied upon contained inaccuracies regarding her condition and job duties. *Id.* ¶¶ 25, 27. She alleges that these inaccuracies contributed to the denial of her accommodation request, and the denial, delay, and/or underpayment of benefits. *See id.* ¶¶ 28–29.

## II. Procedural History

On April 17, 2026, Ferreira initiated this action by filing her Complaint. Dkt. No. 1. On April 20, 2026, she filed her First Amended Complaint. Dkt. No. 5. On April 28, 2026, she requested leave to file her SAC, and filed a proposed version of the SAC ("Proposed SAC"). Dkt. Nos. 6, 6-1. On June 1, 2026, Ferreira filed an errata regarding her Proposed SAC, as well as a corrected version of the SAC. Dkt.

Nos. 8, 9. The errata states that, in the Proposed SAC, "the Hilton entity was inadvertently listed as 'Hilton Worldwide Holdings Inc.'" though "the correct corporate defendant is HILTON RESORTS CORPORATION." Dkt. No. 8. Although it was filed the same day as the errata, the corrected SAC did not incorporate the correction described in the errata. *See* Dkt. Nos. 8, 9. On June 4, 2026, the Court granted Ferreira leave to file her SAC. Dkt. No. 10. Pursuant to that order, the corrected version of the SAC, Dkt. No. 9, was deemed the operative complaint.

Ferreira asserts three causes of action in her SAC: (1) disability discrimination, under 42 U.S.C. § 12112; (2) failure to accommodate, under 42 U.S.C. § 12112(b)(5)(A); and (3) retaliation, under 42 U.S.C. § 12203. *Id.* ¶¶ 30–45. She requests damages for "financial loss, emotional distress, and physical harm," and prays for compensatory damages, back pay and front pay, punitive damages, costs, and "[a]ny other relief the Court deems proper." *Id.* at 5.

On September 23, 2026, HRC moved to dismiss the SAC, arguing that: (1) the SAC makes no factual allegations as to HRC; (2) the SAC fails to meet the pleading standard under Rule 8; (3) the Court and HRC should not be required to guess what amendments Ferreira intends to make; and (4) further amendment would be futile. Dkt. No. 36. On October 27, 2026, Ferreira opposed the Motion, arguing that: (1) the SAC sufficiently identifies HRC or, alternatively, can do so through

amendment; (2) the Rule 8 issues can be cured through amendment; (3) she does not ask the Court to guess as to her intended amendments; and (4) amendment would not be futile. Dkt. No. 39. On October 29, 2026, the Iron Gate Defendants filed a statement of no opposition to HRC's Motion. Dkt. No. 40. On November 5, 2026, HRC replied, arguing that Ferreira's allegations must be pleaded in the SAC, not inferred through the "procedural record," and that amendment would be futile based on the proposed amendments in Ferreira's opposition. Dkt. No. 44.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit a court to infer "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." FED. R. CIV. P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citation omitted). Nonetheless, justice does not require leave to amend when: (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

## DISCUSSION[6]

### I. The SAC's Failure to Allege Facts Concerning HRC

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Under this Rule, a complaint "must contain sufficient factual matter" to show that there is at least a plausible claim to relief. *Iqbal*, 556 U.S. at 678. Such factual matter is not required to consist of "detailed factual allegations," but it must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" and/or "a formulaic recitation of the elements of a cause of action." *Id.*

Here, the SAC names HRC in its caption but otherwise never mentions that entity. Dkt. No. 9. The only Hilton entity described in the body of the SAC is Hilton Worldwide Holdings Inc. ("HWH"), which is not listed as a defendant in the caption. *Id.* As a complaint must contain "*sufficient* factual matter" to state a plausible claim for relief, and the SAC includes *no* factual matter regarding HRC, it clearly does not meet the pleading standards under Rule 8. *See Iqbal*, 556 U.S. at 678 (emphasis added); *Ebinger v. Off.(s) of Atty. Gen. for Brit. Created Native Hawaiian Monarchial Kingdom*, 2009 WL 2025250, at *2 (D. Haw. July 10, 2009)

[6]As Ferreira is proceeding *pro se*, the Court has liberally construed her filings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") (internal citation omitted).

The fact that Ferreira acknowledges in her errata and opposition brief that she meant to name HRC rather than HWH does not cure this deficiency. *See* Dkt. Nos. 8, 39. At the motion to dismiss stage, the Court's review is limited to the facts alleged in the complaint, materials incorporated by reference into the complaint, and matters of judicial notice. *Shareef v. McHugh*, 2017 WL 754326, at *4 (D. Haw. Feb. 27, 2017); *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021). [T]he Court "'lacks the power to act as a party's lawyer, even for pro se litigants,' and will not re-draft [a] [p]laintiff's pleadings." *Moore v. Tiki Ventures, Inc.*, 2025 WL 1830196, at *5 (D. Haw. June 9, 2025) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Thus, the Court will not read the SAC's references to HWH to mean HRC, or assume the SAC contains different factual allegations than it does.

Ferreira also argues that the SAC effectively functions to identify HRC through its use of "collective terms such as 'Defendant' and 'Defendants.'" Dkt. No. 39 at 2. The Court disagrees. Even where a plaintiff is proceeding *pro se*, conclusory allegations against all or some subset of Defendants that do not specify

who did what are insufficient to plausibly state a claim upon which relief may be granted. *See Akana v. Lopez*, 2026 WL 2935277, at 2 (D. Haw. Sept. 29, 2026). This use of "shotgun pleading"[7] fails to provide the requisite notice to each defendant of their alleged conduct and leaves both the Court and Defendants "to speculate about the causes of action pleaded." *See Gibson v. City of Portland*, 165 F.4th 1265, 1290, 1295 (9th Cir. 2026) ("Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief."). The SAC therefore runs afoul of Rule 8's requirements and fails to state a claim against HRC.

## II. The SAC's Substantive Sufficiency

Even if Ferreira had named HRC rather than HWH throughout her SAC, the allegations would still be insufficient to survive a motion to dismiss. The SAC mentions HWH only twice. Dkt. No. 9 ¶¶ 4, 23. The first instance is in the fourth paragraph of the SAC. *Id.* ¶ 4. There, Ferreira alleges that HWH "exercised control over [her] working conditions, payroll processing, employment policies,

[7] "A shotgun pleading is one where 'a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count . . . prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.'" *Gibson*, 165 F.4th at 1288 (internal citation omitted) (alterations in original). There are four main types of shotgun pleadings including "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* (internal citation omitted).

and day-to-day operations, and is liable as a joint employer." *Id.* Thus, although not stated as a cause of action, it seems that Ferreira seeks to proceed on a joint-employer theory under Title VII.

Title VII imposes liability for discrimination on "employer[s]." 42 U.S.C. § 2000e-2(a). It is "well-settled" that an individual can have multiple employers for the purposes of Title VII, and therefore multiple entities may be held liable for discrimination relating to the terms and conditions of employment. *U.S. E.E.O.C. v. Glob. Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). The Ninth Circuit applies the common-law agency test to analyze whether an entity is a joint employer.[8] *Id.* at 638. Under this test, "'the principal guidepost' is the element of control—that is, 'the extent of control that one may exercise over the details of the work of the other.'" *Id.* (citing *Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 448 (2003)).

Although Ferreira alleges that HWH "exercised control over [her] working conditions," her allegations are entirely conclusory. *See* Dkt. No. 9 ¶ 4. The Supreme Court has provided a non-exhaustive list of factors courts consider when assessing whether an entity exercises the requisite control:

[8]HRC asserts that the Ninth Circuit applies an "economic reality test," Dkt. No. 44 at 4–5, but that is not a current statement of law, *see Glob. Horizons*, 915 F.3d at 638 ("We reject the chief alternative for analyzing employment relationships in the Title VII context: the economic-reality test.").

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Glob. Horizons*, 915 F.3d at 638 (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992). Because the SAC fails to assert allegations concerning any of these factors or any other measure of control, it falls short of demonstrating that HRC was liable to Ferreira as a joint employer.

The only other point at which the SAC names HWH is in paragraph 23. *Id.* ¶ 23. There, Ferreira alleges that HWH "through its human resources personnel, generated, maintained, and relied on inaccurate and incomplete information regarding [Ferreira's] medical condition and wages." *Id.* It is unclear what claim these conclusory allegations relate to or how they would be used to prove that claim. As a result, even if the SAC had named the proper Hilton entity, it would again fail to state a claim.

## III. Leave to Amend

As HRC acknowledges, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Dkt. No. 36 at 8 (citing *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir.

2016)). The Court is not convinced that the SAC's defects are incurable. Although Ferreira has already had the chance to amend, this is the first time she has named HRC as a defendant, and the first time either HRC or the Court has addressed the sufficiency of the pleadings. *See* Dkt. Nos. 5, 9. This, combined with the fact that Ferreira is proceeding *pro se*, makes leave to amend appropriate here. *See Lopez*, 203 F.3d at 1130 ("We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.'") (internal citation omitted).

That said, the Court agrees with HRC that the amendments Ferreira proposes do little to correct her pleading deficiencies. *See* Dkt. No. 39 at 5–6; Dkt. No. 44 at 6–8. If Ferreira chooses to file a Third Amended Complaint ("TAC"), she must thoroughly answer all of the questions contained in the form complaint provided by the Court. More specifically, she must write short, plain sentences telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal rights she believes were violated; (3) the names of the defendants who violated those rights; (4) exactly what each defendant did or failed to do, along with where and when; (5) how the action or inaction of each defendant is connected to the violation of her rights; (6) what specific injury she suffered because of each defendant's conduct; and (7) what relief she seeks. Ferreira must repeat this process for *each Hilton entity* named as a defendant. No other amendments, such as those relating to the

Iron Gate Defendants who have already answered, are permitted. If Ferreira fails to affirmatively link the conduct of any named Hilton defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim. The TAC must also comply with the Federal Rules of Civil Procedure, and be complete in and of itself, without references to previous complaints or other filings.[9]

## CONCLUSION

For the reasons set forth herein, HRC's Motion, Dkt. No. 36, is GRANTED. Ferreira's SAC, Dkt. No. 9, is DISMISSED without prejudice and with leave to amend. Should Ferreira wish to amend her pleadings, she must file a standalone TAC addressing the deficiencies identified herein and that does not incorporate or rely on her previous filings no later than December 11, 2026.

IT IS SO ORDERED.

DATED: November 20, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

Julia Ferreira v. Iron Gate Waikiki, LLC; Civ No. 26-00201 DKW-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

---

[9]As Ninth Circuit case law makes clear that a plaintiff may not simply refer to a previous complaint, amended complaints must include all relevant facts even if they were previously asserted. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).